United States Bankruptcy Court
District of South Dakota

Charles L. Nail, Jr.
Bankruptcy Judge



Federal Building and United States Post Office        Telephone: (605) 224-0560
225 South Pierre Street, Room 211                              Fax: (605) 224-9020
Pierre, South Dakota  57501-2463

October 2, 2006

Mark A. Anderson, Esq.
Counsel for Debtors
Post Office Box 208
Aberdeen, South Dakota  57402-0208

Dakota Chiropractic of Aberdeen, P.C.
Attn. Dr. Anthony W. Skjefte
Post Office Box 318
Aberdeen, South Dakota  57402-0318

    Subject:   ***In re Rod C. and Georgia A. Carter***
                        Chapter 7, Bankr. No. 05-10328

Dear Mr. Anderson and Dr. Skjefte:

      The matter before the Court is Debtors' Motion for Order Directing Clerk of Court to Discharge Judgments Discharged in Bankruptcy.[1]  This is a core proceeding under 28 U.S.C. § 157(b)(2).  This letter decision and accompanying Order shall constitute the Court's findings and conclusions under Fed.Rs.Bankr.P. 7052 and 9014.  As set forth below, Debtor's motion will be granted in part and denied in part.

      **Summary.**  Several creditors obtained judgments against Rod Carter and/or Georgia Carter.  These judgment creditors included Aberdeen Finance Company, United Accounts, Inc., Accounts Management, Inc. ("AMI") and Dakota Chiropractic of Aberdeen ("Dakota Chiropractic").  Thereafter, on September 29, 2005, the Carters ("Debtors") filed a Chapter 7 petition in bankruptcy.

      On October 1, 2005, the Bankruptcy Clerk served notice of the commencement of the case on Debtors' creditors, including Dakota Chiropractic, Aberdeen Finance Company, and United Accounts, Inc.  AMI was not served because Debtors had not included AMI on the case mailing list.  The notice of commencement of case advised

---

      [1] The relevant facts are not in dispute.  The issue presented is purely a question of law.  Thus, no hearing was held.

Re: *In re Carter*
October 2, 2006
Page 2

creditors the deadline for filing a complaint objecting to the general discharge of claims against Debtors or to determine the dischargeability of a particular debt was January 3, 2006. No party in interest timely commenced an action objecting to Debtors' receiving a general discharge order or to the dischargeability of a particular debt. On January 4, 2006, Debtors were granted a general discharge under § 727 of the Bankruptcy Code.

On September 14, 2006, Debtors filed a Motion for Order Directing Clerks of Court to Discharge Judgments Discharged in Bankruptcy. AMI's, Dakota Chiropractic's, Aberdeen Finance Company's, and United Accounts, Inc.'s judgments were listed in Debtors' motion. By letter dated September 15, 2005, Dakota Chiropractic objected to Debtors' motion.[2]

**Discussion**. Section 524(a)(1) of the Bankruptcy Code provides:

(a)  A discharge in a case under this title –

(1)  voids any judgment at any time obtained, to the extent that such judgment is a determination of the personal liability of the debtor with respect to any debt discharged under section 727, 944, 1141, 1228, or 1328 of this title, whether or not discharge of such debt is waived[.]

Section 524(a)(1) does not require the debtor to do anything to void a judgment. The discharge *automatically* voids any judgment that represents a determination of the debtor's personal liability for a debt that has been discharged.

Section 15-16-20 of the South Dakota Code establishes the procedure for removing, from the records of the clerk of court for the county in which it was docketed, any judgment that was voided in bankruptcy. When a debtor receives a bankruptcy discharge, he may file a motion in the bankruptcy court for an order listing each state court judgment that has been voided. Upon receipt of the bankruptcy court's order, the clerk of court for the county in which the judgment was docketed must enter it in the judgment docket. This has the effect of discharging the listed judgments from and after that date.

---

[2] By letter dated September 19, 2006, the Court advised Dakota Chiropractic that as a formal legal entity it would need to be represented by an attorney at any hearing on Debtors' motion and to have an attorney prepare and file any future pleadings on its behalf.

Re: *In re Carter*
October 2, 2006
Page 3

In this case, Dakota Chiropractic received timely notice of Debtors' bankruptcy. Dakota Chiropractic did not object to Debtors' general discharge or to the dischargeability of its particular claim prior to the January 3, 2006 deadline for doing so. Therefore, Dakota Chiropractic's claim was discharged on January 5, 2006. Its judgment was voided on that same date. The same is true regarding the pre-petition judgments held by Aberdeen Finance Company and United Accounts, Inc. Accordingly, Debtors are now entitled, through this present motion and applicable state law, to have these three creditors' respective judgments discharged on the state court's records.

The order that will be entered will only discharge Debtors' *personal* liability on the judgments Aberdeen Finance Company, Dakota Chiropractic, and United Accounts, Inc. obtained. Any judgment lien that may have attached to real property owned by Debtors on the bankruptcy petition date is not affected. Only a separate motion by Debtors under 11 U.S.C. § 522(f) could affect such a judgment lien.

A different result is reached regarding the judgment obtained by AMI. AMI was not given notice when Debtors' bankruptcy case was commenced. Thus, it did not have notice of the deadline for filing a complaint objecting to the discharge of its claim. Accordingly, on the present record, AMI's claim was not discharged, and its judgment was not voided. Debtors' motion will be denied as to AMI's judgment. The denial will be without prejudice to a complaint by Debtors' against AMI under 11 U.S.C. § 523(a)(3), which specifically addresses whether debts a debtor fails to timely schedule are nonetheless discharged, or a waiver of notice by AMI.

An appropriate order will be entered.

Sincerely,

Charles L. Nail, Jr.
Bankruptcy Judge

CLN:sh

cc: case file (docket original; copies to parties in interest)

On the above date, a copy of this document was mailed or faxed to the parties shown on the attached Service List.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

NOTICE OF ENTRY
Under Fed.R.Bankr.P. 9022(a)

This order/judgment was entered on the date shown above.

Linda M. LaFortune
Acting Clerk, U.S. Bankruptcy Court
District of South Dakota

Aberdeen Finance Company
PO Box 59
Aberdeen, SD 57401

Dakota Chiropractic of Aberdeen
PO Box 318
Aberdeen, SD 57401

Accounts Management, Inc.
PO Box 1743
Sioux Falls, SD 57101

United Accounts, Inc.
PO Box 518
Aberdeen, SD 57401

Rod Cameron Carter
1223 10th Ave. SE
Aberdeen, SD 57401

Georgia Ann Carter
1223 10th Ave. SE
Aberdeen, SD 57401